STEVE K. WASSERMAN (Bar No. 58573)
  skw@wassermanlawgroup.com
KARIN R. LEAVITT (Bar No. 199030)
  krl@wassermanlawgroup.com
**WASSERMAN LAW GROUP**
5567 Reseda Boulevard, Suite 330
Tarzana, California  91356
Telephone: (818) 705-6800
Facsimile:  (818) 705-8926

Attorneys for Defendants Esther Wasserman, Esther Wasserman Family Trust and S.E. Distribution, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Chris Langer,<br><br>           Plaintiff,<br><br>      vs.<br><br>Esther Wasserman, in individual and representative capacity as trustee of the Esther Wasserman Family Trust; S.E. Distribution, Inc., a California Corporation; and Does 1-10,<br><br>           Defendants. | CASE NO. 2:18-cv-02321-MWF(ASx)<br><br>*Assigned to the Honorable Judge Michael W. Fitzgerald (Courtroom 5A)*<br><br>**DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>PTC:    November 25, 2019 at 11:00am<br>TRIAL: December 17, 2019 at 8:30am<br>Crtrm.: 5A (5th Floor)<br><br>[Complaint Filed:  March 23, 2018] |

Pursuant to Local Rule 16-4, Defendants submit the following Memorandum of Contentions of Fact and Law.

# INTRODUCTION

This case arises from Plaintiff Chris Langer's purported visit to SE Display Fixture and Equipment located at 1311 S. Hill Street in Los Angeles, California on June 29, 2017 (the "Store"). Plaintiff lives in San Diego, and the Store is approximately 120 miles from Plaintiff's residence. Plaintiff is a "serial" plaintiff, filing in excess of 450 lawsuits in approximately 2 years. Plaintiff asserts he went to the Store to purchase a mannequin. Plaintiff claims he personally encountered a single barrier to access the Store which was the lack of a properly marked van accessible parking space. Plaintiff asserts the lack of a properly marked van accessible parking space at the Store denied him "full and equal access and caused him difficulty, discomfort and embarrassment" on a single occasion, and he was unable to purchase a mannequin to use to build a table at the Store. Plaintiff admits he was able to purchase a mannequin at Hill Display Fixture located 1421 S. Hill Street in Los Angeles, California, which is about 2 blocks from the Store, on the same day.

Defendants assert that Plaintiff did not experience any difficulty, discomfort or embarrassment as a result of any violation of the Americans with Disabilities Act at the Store. Plaintiff alleges he drove 120 miles to purportedly buy a mannequin at the Store. Defendants further assert that Plaintiff was not deterred from accessing the Store due to the purported lack of a properly marked van accessible parking space. The property at issue was built prior to 1949, long before the passage of the ADA or any other laws or regulations requiring access for disabled persons. Defendants allege that there are currently no ADA violations at the Store, as confirmed by a report issued by a Certified Access Specialist ("CASp"). In addition, Defendants have put adequate procedures in place to ensure that ADA violations are not reasonably likely to occur at the Store in the future. Defendants have never had any complaints about any ADA violations at the Store until they were served with the Complaint in the instant action. Based on the foregoing,

Plaintiff is not entitled to an order that Defendants comply with the ADA and/or a statutory penalty because, *inter alia*, Plaintiff's claims are moot and Plaintiff lacks standing. Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's claims. Defendants also contend that Plaintiff should not be entitled to an award of attorney's fees as the prevailing party.

## I.   CLAIMS AND DEFENSES

### A.   Plaintiff's Claims

(a)   Plaintiff asserts the following two claims:

Summary of Plaintiff's Claims:

**Claim 1:  Defendants violated the Americans with Disabilities Act of 1990 ("ADA") (42 U.S.C. section 12101, et seq.).**

**Claim 2:  Defendants violated the California Unruh Civil Rights Act (California Civil Code sections 51-53).**

(b)   The elements required to establish Plaintiff's claims are as follows:

Elements Required to Establish Plaintiff's Claims for Violation of the ADA

1. Plaintiff is disabled within the meaning of the ADA; and
2. Defendants own, lease or operate a place of public accommodation; and
3. Plaintiff was denied public accommodation by Defendants due to his disability.

*Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*, 603 F.3d 666, 670 (9th Cir. 2010).

Elements Required to Establish Plaintiff's Claim for Violation of the Unruh Civil Rights Act

Plaintiff claims he personally encountered an architectural barrier at the Store. Accordingly, Plaintiff must prove:

WASSERMAN LAW GROUP
5567 RESEDA BOULEVARD, SUITE 330
TARZANA, CALIFORNIA 91356

    1.    The Store had barriers that violated construction-related accessibility standards in that there was not a van accessible parking space; and

    2.    Plaintiff personally encountered the violation on a particular occasion and he experienced difficulty, discomfort, or embarrassment because of the violation.

See California Civil Jury Instructions ("CACI") 3071 (2019)

    (c)    <u>Defendants' Key Evidence in Opposition to the Claims</u>

*Note: Both of Plaintiff's claims are discussed together below because Plaintiff's Complaint alleges that violation of the ADA is a violation of the Unruh Act.

- Plaintiff has filed over 450 lawsuits in approximately 2 years.
- Plaintiff is, and at all relevant times was, a resident of San Diego.
- The Store is approximately 120 miles from Plaintiff's residence.
- The Store was built prior to enactment of ADA.
- The only ADA violation alleged by Plaintiff is the lack of a parking space at the Store marked and reserved for persons with disabilities.
- There is no evidence that Defendants previously allowed an accessible parking space to "fade beyond recognition".
- There is no evidence that Defendants failed to follow their own policies and practices regarding ADA compliance.
- Plaintiff spent time on the date of his visit to the Store taking photographs of the alleged ADA violation.
- Plaintiff was able to purchase a mannequin approximately 2 blocks away from the Store.
- Plaintiff only went to the Store on one occasion, on June 29, 2017.
- Plaintiff had never previously visited the Store.
- Plaintiff has only made general allegations that he plans on returning to the

Store.
- Plaintiff did not provide notice to Defendants of any alleged ADA violations or an opportunity to cure prior to filing the Complaint in the instant action.
- Plaintiff filed the Complaint in this instant action on March 22, 2018, or over 8 months after he alleges he first encountered any alleged barrier at the Store.
- Prior to the filing of the complaint in this lawsuit, Defendants were not aware the Store was not in compliance with ADA standards.
- Upon being served with the lawsuit in this Action, Defendants promptly hired a CASp specialist and made all necessary alterations to the Store.
- A van accessible parking space was installed at the Store prior to January 30, 2019, which is specifically marked and reserved for persons with disabilities.
- The Store is now fully complaint with all ADA standards, including with ADA (federal) and CBC (state) requirements for disability access, including slope, as evidenced by photographs, the CASp report, invoices and proof of payment).
- A CASp Specialist has issued a Site Accessibility Report which includes the finding that the Store is in full compliance with ADA (federal) and CBC (state) requirements for disability access, including slope.
- Defendants have put quarterly and yearly inspection procedures in place to prevent future noncompliance.
- Defendants are small businesses with average annual gross receipts of less than $3.5 million dollars.
- Plaintiff is only seeking statutory damages and not actual damages.

### B. Defendants' Affirmative Defenses

(d) **Summary of Affirmative Defense**

(e) **Elements Required to Establish Affirmative Defense**

(f) **Evidence in Support of Affirmative Defense**

**(1) Affirmative Defense: Failure to State a Claim/Claim for Injunctive Relief Moot**

(d) Plaintiff has failed to state a claim upon which relief may be granted. In addition to the general denial, Plaintiff has failed to state a claim for which relief may be granted because Plaintiff's claim for injunctive relief will be shown to be moot.

(e) Article III, section 2, clause 1 of the United States Constitution limits judicial power to "cases" or "controversies." A federal court has no authority to give opinions upon moot questions, no matter when the case becomes moot: "[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997).

(f) Here, injunctive relief is no longer available because Defendants have undertaken remediation of all ADA violations alleged in the Complaint and have had the Store inspected for any additional ADA violations. There are no allegations or evidence in support of any past violations of the ADA. Further, Defendants have put adequate procedures in place to maintain ADA compliance.

**(2) Affirmative Defense: Plaintiff Lacks Standing**

(d) Plaintiff's claims are barred by the fact that Plaintiff lacks standing to bring said claim.

(e) Article III of the United States Constitution requires a plaintiff who seeks to pursue an action in federal court establish that he has standing to pursue his claims. *See, e.g., Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992) ("The party invoking federal jurisdiction bears the burden of establishing" the

elements of standing). The threshold issue of standing is particularly important in ADA-related lawsuits. As stated by the Court in *Harris v. Stonecrest Care Auto Ctr., LLC,* 472 F. Supp.2d 1208, 1215 (S.D. Cal. 2007), "in view of a recognized trend of abusive ADA litigation, … special diligence and vigilant examination of the standing requirement are necessary and appropriate to ensure the litigation serves the purpose for which the ADA was enacted."

Here, the Complaint seeks injunctive relief and attorney's fees under the ADA (Prayer at ¶¶1, 3), and injunctive relief and statutory damages under the California Unruh Civil Rights Act. (Prayer at ¶2). Under the ADA, the only remedies available are injunctive relief and attorney's fees (i.e. no compensatory damages are available under the ADA). See 42 U.S.C. §12188(a); see also 42 U.S.C. §2000a-3; *Goodwin v. C.N.J. Inc*. (2006) 436 F.3d 44, 50 (a private party bringing an action under the ADA "may obtain only forward-looking relief; damages for past harms are not available"; "section 12188(a)(1) does not contemplate an award of money damages in suits brought by private parties"). As stated by the court in *Molski v. Kahn Winery,* 405 F.Supp.2d 1160, 1167 (C.D. Cal. 2005, "[b]y tacking on state law claims for Unruh damages to his federal ADA complaint, [plaintiff] reveals his true motive: to extort a cash settlement….rather than further[ing] the prompt remedial purposes of the ADA."

To confer standing in an action for injunctive relief under the ADA, a plaintiff must demonstrate that he faces a real and immediate threat of discrimination. The "mere physical or theoretical possibility" that the challenged conduct will again injure the plaintiff in insufficient to establish a present case or controversy. *Id.* at 1163. Nor is standing conferred in an action for injunctive relief based on a general intent to return somewhere in the future because a general intent to return does not support a claim that injury is imminent. *Id.* at 1167.

(f) Here, Plaintiff has filed over 450 ADA-related lawsuits in approximately 2 years. In each of these cases, Plaintiff makes general allegations that he intends

WASSERMAN LAW GROUP
5567 RESEDA BOULEVARD, SUITE 330
TARZANA, CALIFORNIA 91356

on returning to the business that he sued.  Plaintiff has only alleged a general intent to return to the Store sometime in the future.  The Store is approximately 120 miles from his residence.  Plaintiff was able to purchase a mannequin on the same day he visited the Store about 2 blocks away.  Plaintiff had never previously been to the Store or indicated any specific reason to return to the Store.  All of the foregoing factors weigh heavily against standing in this case.  Defendants submit that Plaintiff will not demonstrate his sincere intent to return to the Store.

**(3)   Affirmative Defense:  Laches**

(d)   Plaintiff's claims are barred by the doctrine of laches.

(e)   The elements of an affirmative defense based on laches are an "unreasonable delay in bringing suit" plus "prejudice to the defendant resulting from the delay." *Miller v. Eisenhower Medical Center* (1980) 27 Cal.3d 614, 624.

(f)   Plaintiff alleges in his *complaint* that he encountered an alleged barrier at the Store in June of 2017.  Plaintiff filed the Complaint in this instant action on March 22, 2018, or over 8 months after he alleges he first encountered any alleged barrier at the Store.  In the interim, he did not give Defendants notice of any alleged barrier and/or an opportunity to cure the same before filing a lawsuit and seeking damages, injunctive relief and attorney's fees.  There is no reason for Plaintiff to have waited over 8 months to file the instant lawsuit from the date he alleges he encountered an alleged barrier other than to insure that Defendants would not have retained any video surveillance of Plaintiff and/or his representatives visit(s) to the Store, if any.

**(4)   Affirmative Defense:  Unclean Hands**

(d)   Plaintiff's claims are barred by the doctrine of unclean hands.

(e)   The elements of the affirmative defense of unclean hands are:  (1) plaintiff's inequitable conduct, (2) which relates to the subject matter of plaintiff's claims.  *Fuddruckers, Inc. v. Docs's B.R. Others, Inc,.* 826 F.2d 837, 847 (9th Cir. 1987).

(f) Plaintiff, a resident of San Diego, has filed over 450 ADA-related lawsuits in approximately 2 years. He claims he went to purchase a mannequin at a store in Los Angeles. Accordingly, Plaintiff's pattern of behavior supports that his motivation in bringing this lawsuit is to extract a cash settlement, rather than obtaining a court order to require Defendants to make "readily achievable" repairs to ensure his access to a place of public accommodation.

**(5) Affirmative Defense: Lack of Intent**

(d) Plaintiff's claims are barred because Defendants have at all times acted with innocent intent.

(e) The California Supreme Court has determined that intentional discrimination is not required in cases in which a plaintiff is seeking damages under California Civil Code Section 52, claiming the denial of full and equal treatment on the basis of disability in violation of the Unruh Civil Rights Act and the ADA. *Mundon v. Del Taco, Inc.*, 46 Cal.4th 661, 678 (2009).

(f) Plaintiff's Complaint alleges "on information and belief" that the lack of a disabled parking space at the Store "was intentional." (Complaint, ¶26). Accordingly, although Plaintiff has alleged that Defendants conduct was intentional, there is no basis in fact or law for this allegation.

**(6) Affirmative Defense: Alterations Made Prior to Enactment of ADA**

(d) Plaintiff's claims are barred because any alterations to the Store were made prior to the enactment of the Americans with Disabilities Act, thus such alterations are not required to be remodeled to the maximum extent feasible under Section 303 of the ADA and Section 54.1 of the California Civil Code, Unruh Civil Rights Act.

(e) See code sections cited in section (d) (above).

(f) Due to the vague allegations in Plaintiff's Complaint, Defendants plead this affirmative defense to the extent Plaintiff attempts to introduce any evidence of any alleged barriers at the Store other than his allegations relating to the van

1 accessible parking space.

**(7) Affirmative Defense: Facilities Built Prior to Enactment of ADA**

(d) Plaintiff's claims are barred because the subject property was built prior to the enactment of the Americans with Disabilities Act. Therefore, Section 303 of the ADA and Section 54.1 of the California Civil Code, Unruh Civil Rights Act requiring new construction to be readily accessible are not applicable.

(e) See code sections cited in section (d) (above).

(f) Due to the vague allegations in Plaintiff's Complaint, Defendants plead this affirmative defense to the extent Plaintiff attempts to introduce any evidence of any alleged barriers at the Store other than his allegations relating to the van accessible parking space.

**(8) Affirmative Defense: Not Readily Achievable**

(d) Plaintiff's claims are barred to the extent the removal of the barriers at and around the property cannot be removed under the "readily achievable" standard.

(e) Whether a facility is "readily accessible" is determined by reference to the ADA Accessibility Guidelines, referred to as "ADAAG." The ADAAG were created by the Attorney General to lay out the technical structural requirements of places of public accommodation. The ADAAG provides the objective contours of the minimum levels of accessibility. The ADAAG's requirements are precise and thorough. *Chapman v. Pier 1 Imports,* 631 F.3d 939, 945-946 (9th Cir. 2011).

(f) Due to the vague allegations in Plaintiff's Complaint, Defendants plead this affirmative defense to the extent Plaintiff attempts to introduce any evidence of any alleged barriers at the Store other than his allegations relating to the van accessible parking space. Further, to the extent Plaintiff attempts to assert unreasonable measurement guidelines, the removal of the barrier may not be reasonable.

**(9) Affirmative Defense: Reduced Damages**

(d) Plaintiff's claims are barred to the extent Plaintiff is only entitled to reduced damages, if any, pursuant to Civil Code section 55.56(f)(2) because Defendants corrected all construction related violations that are the basis of the instant lawsuit within 30 days of being served with the lawsuit. Further, Defendants have fewer that 25 employees and average annual gross receipts of less than $3.5 million.

(e) *Cal. Civ. Code* §55.56(f)(D)(2), provides as follows: "Notwithstanding any other law, a defendant's liability for damages in a construction-related accessibility claim against a place of public accommodation is reduced to a minimum of two thousand dollars ($2,000) for each offense if the defendant demonstrates both of the following:

    (A) The defendant has corrected all construction-related violations that are the basis of a claim within 30 days of being served with the complaint.

    (B) The defendant is a small business that has employed 25 or fewer employees on average over the past three years…and has average annual gross receipts of less than three million five hundred thousand dollars $3,500,000) over the previous three years…."

(f) Defendants corrected all construction-related violations that are the basis of Plaintiff's claim within 30 days of being served with the complaint. Further, both Defendants are small businesses with average annual gross receipts of less than $3.5 million dollars. Accordingly, in the event Defendants are liable for any damages, Defendants would only be liable for a minimum of $2,000.00 for the single offense alleged by Plaintiff.

**(10) Affirmative Defense: Damages Uncertain**

(d) Plaintiff's claims are barred because the damages claimed by Plaintiff are uncertain and speculative, thereby precluding calculation and recovery.

     (e)    Plaintiff is only seeking statutory damages. See affirmative defense Below (No Statutory Damages).

     (f)    Plaintiff is only seeking statutory damages. See affirmative defense Below (No Statutory Damages).

**(11)  Affirmative Defense: No Damages**

     (d)    Plaintiff's claims are barred because Plaintiff has not been damaged in any amount alleged, in any amount whatsoever, or at all.

     (e)    Plaintiff is only seeking statutory damages. See affirmative defense Below (No Statutory Damages).

     (f)    Plaintiff is only seeking statutory damages. See affirmative defense Below (No Statutory Damages).

**(12)  Affirmative Defense: No Statutory Damages**

     (d)    Plaintiff's claims are barred because Plaintiff did not personally encounter and/or does not have personal knowledge of any alleged violation of construction-related accessibility standards and is thereby prohibited from recovery of statutory damages.

     (e)    Plaintiff can only support a claim for statutory damages pursuant to the Unruh Civil Rights Act if he experienced difficulty, discomfort or embarrassment because of the violation. California Civil Code Section 55.56(a)-(c); *CACI* 3070.

     (f)    Plaintiff alleges that he personally encountered the lack of a disabled parking space. Accordingly, Plaintiff must allege he experienced difficulty, discomfort, or embarrassment as a result of the lack of a properly marked van accessible parking space at the Store. Instead, Plaintiff spent his time at the Store taking photographs of alleged violations to support the filing of a lawsuit.

**(13)  Affirmative Defense: No Waiver of Other Defenses**

     (d)    Plaintiff's Complaint is broad and conclusory. Accordingly, Defendants cannot fully anticipate all defenses that may be applicable to the instant action. Accordingly, the right to assert additional defenses, if and to the extent that

WASSERMAN LAW GROUP
5567 RESEDA BOULEVARD, SUITE 330
TARZANA, CALIFORNIA 91356

such defenses are applicable, is hereby reserved.

To the extent the existence of additional affirmative defenses may arise during trial, Defendants have expressly reserved additional affirmative defenses.

**(14) Affirmative Defense: Unfair Business Practices**

(d) Plaintiff's claims are barred because the instant action was filed as part of a business of enforcing various regulatory laws by filing lawsuits against businesses in an attempt to wrongfully and unfairly extract the payment of money rather than to enforce regulatory laws by, *inter alia,* failing to provide Defendants with notice of alleged violations prior to filing a lawsuit seeking damages and attorney's fees which constitutes an unfair business practice.

(e) An Unfair Business Practices claim requires an "unlawful, unfair or fraudulent business act or practice." *Cal. Bus. & Prof. Code* §17200.

(f) Defendants assert the instant action was filed as part of a business of filing lawsuits against businesses in an attempt to wrongfully and unfairly extract the payment of money rather than to enforce regulatory laws by, *inter alia*, failing to provide Defendants with notice of alleged violations prior to filing a lawsuit seeking damages and attorneys fees. The evidence in support of this affirmative defense is that Plaintiff has filed over 450 ADA-related claims in the last two years and fails to give notice to any Defendants before filing any of the claims.

## II. [ABROGATED]

## III. BIFURCATION OF ISSUES

Defendants do not request bifurcation of issues in this case.

## IV. JURY TRIAL

On May 29, 2018, Defendants filed their answer to the Complaint and timely requested a trial by jury. Accordingly, this matter will be tried as a jury trial.

## V. ATTORNEY'S FEES

Assuming the Court determines it has jurisdiction in this matter at all relevant times to award attorney's fees, including after any jury verdict is reached, Defendants contend that Plaintiff is not entitled to attorneys' fees. The ADA provides that "the court in its discretion, may allow the prevailing party ... a reasonable attorneys' fee, including litigation expenses and costs." 42 U.S.C. §12205; *Peters v. Winco Foods, Inc.,* 320 F. Supp. 2d 1035 (E.D. Cal. 2004) (granting defendant's request for $62,605.00 in fees and $3,353.00 in costs against the Law Offices of Lynn Hubbard III after court granted summary judgment as to the Plaintiffs federal causes of action and declined to exercise supplemental jurisdiction over plaintiff's state law claims).

First, under the ADA, only a "prevailing" plaintiff is entitled to recovery of attorney's fees. A "prevailing party" is one who has been afforded relief by the court. *Hanrahan v. Hampton* (1980) 446 U.S. 754, 758. As set forth above, because Defendants are now in full compliance with applicable ADA standards, and Plaintiff's claim for injunctive relief is moot, no affirmative relief may be granted. Generally, Plaintiff will not be considered a "prevailing party" entitled to claim attorney's fees unless he receives "at least some relief on the merits of his claim." See *Hewitt v. Helms* (1987) 482 U.S. 755, 755.

In *Buckhannon Bd. and Care, Inc. v. West Virginia Dept. of Health and Human Resources* (2001) 532 U.S. 598, the Court addressed the question of whether a Plaintiff who does ***not*** obtain affirmative relief under the ADA is nonetheless entitled to recover attorney's fees under the "catalyst theory" (i.e. that Plaintiff should be permitted to recover attorney's fees even when no affirmative relief was obtained because the lawsuit brought about a voluntary change in defendant's conduct). After careful analysis and detailed discussion, the Court concluded "that the 'catalyst theory' is not a permissible basis for the award of attorney's fees under the . . . ADA, 42 U.S.C. §12205." *Buckhannon*, 532 U.S. at 610. Accordingly, as

no affirmative relief is available to Plaintiff herein, he cannot recover attorney's fees under his ADA claim.

Second, the Court should exercise its discretion and refuse to award attorney's fees for public policy purposes. Courts have long recognized that the marked rise in ADA lawsuits has turned ADA litigation into a "cottage industry," intended principally to generate attorney's fees. In *Molski v. Mandarin Touch Restaurant,* 347 F. Supp. 2d 860, 862 (C.D. Cal. 2004), the court observed, "the result of this [money-making] scheme is that 'the means for enforcing the ADA (attorney's fees) have become more important and desirable than the end (accessibility for disabled individuals).' " *Id.* The court further recognized that "[s]erial plaintiffs serve as "professional pawn[s] in an ongoing scheme to bilk attorney's fees." *Id.* (quoting *Rodriguez v. Investco, L.L.C.,* 305 F. Supp. 2d 1278, 1285 (M.D. Fla. 2004). It is a "type of shotgun litigation [that] undermines both the spirit and purpose of the ADA." *Id.* (quoting *Brother,* 331 F. Supp. 2d at 1375). The Plaintiff in the instant case has filed hundreds of ADA lawsuits. As the Court has pointed out, these cases are most often too expensive to defend. Therefore, defendants are forced to settle any ADA/Unruh claims filed against them, which settlement amounts are increased by inflated claims for attorney's fees. This case presents the Court with the opportunity to attempt to curtail this abusive and expensive litigation by refusing to award attorney's fees in cases in which Defendants have remedied all ADA violations.

## VI.   ABANDONMENT OF ISSUES/AFFIRMATIVE DEFENSES

Plaintiff has abandoned any and all claim(s) relating to any alleged violation other than the lack of a van accessible parking space. Defendants have abandoned the following affirmative defenses: Statute of Limitations; Release, Waiver, and Estoppel; Failure to Mitigate; Reasonableness; No Discrimination.

| | | |
|---|---|---|
| 1 | DATED: November 4, 2019 | **WASSERMAN LAW GROUP** |
| 4 | | By: _/s/ Karin R. Leavitt_ |
| 5 | | KARIN R. LEAVITT<br>Attorneys for Defendants ESTHER WASSERMAN, ESTHER WASSERMAN FAMILY TRUST AND S.E. DISTRIBUTION, INC. |

WASSERMAN LAW GROUP
5567 RESEDA BOULEVARD, SUITE 330
TARZANA, CALIFORNIA 91356

1115562.1

# CERTIFICATION OF SERVICE

I hereby certify that on November 4, 2019, I electronically filed **DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW** with the Clerk of the Court by using the CM/ECF system.

Respectfully Submitted,

*/s/ Karin R. Leavitt*
KARIN R. LEAVITT